# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ATLANTA GAS LIGHT COMPANY, SOUTHERN COMPANY GAS f/k/a AGL RESOURCES INC., and AGL SERVICES COMPANY, | )<br>)<br>) CASE NO. _____<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) JURY TRIAL DEMANDED |
| USIC, LLC f/k/a UNITED STATES INFRASTRUCTURE CORPORATION, | )<br>)<br>)<br>) |
| Defendant. | ) |

# COMPLAINT

COME NOW, Plaintiffs, Atlanta Gas Light Company, Southern Company Gas f/k/a AGL Resources Inc., and AGL Services Company (collectively, "AGL"), by and through undersigned counsel, and for their Complaint against Defendant, USIC, LLC f/k/a/ United States Infrastructure Corporation ("USIC") state as follows:

## II.  PARTIES, VENUE AND JURISDICTION

1. Plaintiff Atlanta Gas Light Company ("Atlanta Gas Light") is a Georgia corporation with its principal place of business in Atlanta, Fulton County, Georgia.

2. Plaintiff Southern Company Gas f/k/a AGL Resources Inc. ("SCG") is a Georgia corporation with its principal place of business in Atlanta, Fulton County, Georgia.

3. Plaintiff AGL Services Company ("AGLSC") is a Georgia corporation with its principal place of business in Atlanta, Fulton County, Georgia.

4. USIC is a Delaware limited liability company. The sole member of USIC is USIC Holdings, Inc., a corporation incorporated under the laws of the State of Delaware with its principal place of business in Indianapolis, Indiana. USIC is a citizen and resident of Indiana and Delaware for jurisdictional purposes.

5. In or around November 2013, AGLSC entered into a Master Locating Services Agreement with USIC ("Agreement") on behalf of itself and its affiliated entities, including Atlanta Gas Light and SCG, in which USIC agreed, among other things, to provide locating services to Atlanta Gas Light in Georgia.

6. In Paragraph 19 of the Agreement, USIC agreed that Georgia law would govern any dispute arising out of the Agreement, that any claim or cause of action relating to the Agreement would be brought either in this Court or in the Courts of the State of Georgia, and that USIC "consent[ed] and submit[ed] to the *in persona* jurisdiction of such courts."

7. Based on its relevant contacts with the State of Georgia and based on the enforceable consent to jurisdiction contained within the Agreement, either of

which would be sufficient to support the exercise of jurisdiction, this Court has personal jurisdiction over USIC.

8. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because AGL and USIC are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

9. Venue is proper in this Court based on the parties' forum selection clause and also pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claim arose in this district.

### III.   FACTS COMMON TO ALL CLAIMS FOR RELIEF

#### A.   Gas Main Damage

10. Atlanta Gas Light owns and operates a natural gas distribution system that distributes natural gas to areas throughout Georgia, including Homerville, Georgia.

11. Pursuant to the terms and conditions of the Agreement, USIC was required to locate and mark Atlanta Gas Light's underground gas lines in accordance with state law.

12. In August 2018, a boring company, LGM Services, LLC ("LGM"), was directionally boring to install conduit on behalf of a telecommunications company in and around Homerville, Georgia.

13. Pursuant to Georgia law, prior to beginning its boring in Homerville, Georgia, LGM called in locate requests covering the area where it would be boring.

14. In breach of its contractual obligations under the terms and conditions of the Agreement, USIC:

    (i) Failed to properly and adequately communicate with LGM regarding LGM's intended boring path;

    (ii) Negligently advised Atlanta Gas Light that the gas lines in the boring path had been properly located and marked;

    (iii) Failed to meet and confer with LGM to clarify the boring path or to require that LGM mark the boring path with white paint, white stakes and/or white flags;

    (iv) Failed to notify Atlanta Gas Light that USIC was unclear about the proper location of the boring path and failed to state on the job ticket that said path was "Unmarked: marking instructions unclear. Locator to contact excavator"; and

    (v) Failed to reconcile inconsistent locating requests with respect to LGM's excavating activities.

15. As a result of the aforementioned actions and omissions, USIC failed to locate and mark all of Atlanta Gas Light's gas facilities within LGM's intended bore path.

16. Additionally, as a direct and proximate result of USIC's improper and tortious conduct set forth in Paragraphs 14 and 15, above, on August 17, 2018, at approximately 9:30 a.m., LGM's construction crew, which was performing boring activities around Courtland Avenue and Hwy 441 North in Homerville, Georgia, struck an Atlanta Gas Light gas main ("Gas Main Damage").

17. As a direct and proximate result of the Gas Main Damage, natural gas was released from the damaged gas pipe.

18. After the Gas Main Damage, the Homerville Fire and Police Departments, as well as the local county Emergency Management Agency, were notified about the Gas Main Damage and responded to it.

19. At approximately 10:04 a.m., Atlanta Gas Light was notified of the Gas Main Damage. Atlanta Gas Light crews responded, and by approximately 12:00 p.m., Atlanta Gas Light had repaired the Gas Main Damage.

20. However, at approximately 12:15 p.m., as a proximate result of USIC's tortious conduct outlined above and the subsequent Gas Main Damage, an explosion occurred at a cafe known as the Coffee Corner, which was located approximately one block away from the Gas Main Damage ("Accident").

21. At the time of the Accident, Anna O'Guin, Baylee Tolle and Emily Tolle (collectively, "Injured Parties") were in the Coffee Corner.

22. As a direct and proximate result of the Accident, the Injured Parties sustained bodily injuries and the Coffee Corner sustained significant property damage.

23. Following the Accident, it was determined that LGM also damaged a sewer line that was located in the general area of the Gas Main Damage. Upon information and belief, gas from the damaged gas main entered the damaged sewer

line and from there entered into the sewer lateral that served the Coffee Corner and was ignited by an unknown ignition source.

### B. The Public Service Commission Investigation

24. Subsequent to the Accident, the Georgia Public Services Commission ("PSC") investigated the Accident and issued a report setting forth probable violations by Atlanta Gas Light of certain Pipeline and Hazardous Materials Safety Administration ("PHMSA") regulations and recommended a resolution thereof ("PSC Report").

25. During the course of the PSC's investigation, the PSC sought extensive documentation and information from both USIC and Atlanta Gas Light in connection with its investigation.

26. Additionally, Pursuant to Ga. Comp. R. & Regs. rules 515-9-3-.08 and 515-9-3-.10, Atlanta Gas Light responded to the probable violations with counsel present via an informal conference held on June 18, 2019.

27. Ultimately, Atlanta Gas Light entered into a settlement agreement with the PSC that resolved the probable violations and associated regulatory fine.

28. In addition to monies expended in connection with the settlement, Atlanta Gas Light incurred significant fees and costs as part of the PSC's investigation of the Accident.

### C. The Personal Injury Lawsuits

29. Following the Accident, the Injured Parties retained counsel to represent them with respect to the alleged tortious conduct of, *inter alia*, USIC and AGL.

30. As a result of said representation, a pre-suit mediation was scheduled for November 6-7, 2019, for the purpose of ascertaining whether the Injured Parties' claims against, *inter alia*, USIC and AGL could be settled prior to the filing of any lawsuits ("Mediation").

31. In advance of the Mediation, the Injured Parties prepared and sent to AGL and USIC, among other parties, liability statements setting forth their claims against, *inter alia*, AGL and USIC.

32. In the liability statements, the Injured Parties took the position that their injuries were caused, at least in part, by actions and omissions of USIC.

33. The Injured Parties settled their claims against USIC at the mediation.

34. The Injured Parties did not settle their claims against AGL at the mediation.

35. On or about December 13, 2019, the Injured Parties filed lawsuits against, *inter alia*, SCG and Atlanta Gas Light seeking damages for their injuries incurred as a result of the Accident (collectively, "Personal Injury Lawsuits").

36. Paragraph 9 of the Agreement states, in relevant part, as follows:

> **Indemnification:**  To the fullest extent permitted by law…[USIC] shall defend, indemnify and hold harmless

…[AGL], its affiliates, successors and assigns, and its employees, against any and all manner of losses, costs, expenses, damages, and fines or penalties, including without limitation, reasonable attorneys' fees, which [AGL], its affiliates, successors and assigns, and its employees, suffer or incur as a result of any claim, demand, suit, action, cause of action, investigation, levy, fine, penalty or judgment made or obtained by any individual person, firm, corporation, [USIC] employee, contractor, governmental agency, or other person or entity in connection with, arising from, or in any manner related to any actual or alleged act or omission of any one or more of the following:

(a) [USIC] and any subcontractor of [USIC], and any officers, directors, agents, representatives, or employees of [USIC] or of any such subcontractor in any manner arising from, connected with, or related to any Services performed or contracted to be performed pursuant to the Agreement; and

(b) [AGL], its successors and assigns, and its officers, directors, agents representatives or employees, to the extent that it shall be claimed that any of them are liable for any reason because of any such act or omission of…[USIC] or any subcontractor of…[USIC], or any officers, directors, agents, representatives or employees of any of them, whether or not such officers, directors, agents, representatives or employees are claimed to be agents or employees of…[AGL].

Provided, however, that…[USIC] shall not be responsible to indemnify or hold harmless…[AGL] for losses or damages caused by the sole negligence of…[AGL], its agents or employees.

37. Paragraph 9 of the Agreement requires that USIC indemnify AGL for claims "in connection with, arising from, or in any manner related to any actual or alleged act or omission of" USIC or any subcontractor of USIC.

8

38. The claims asserted against SCG and Atlanta Gas Light in the Personal Injury Lawsuits are connected with, arise from, and are related to actions and omissions of USIC.

39. Indeed, but for USIC's negligence and failure to comply with its obligations under the Agreement, (1) Atlanta Gas Light's gas line would not have been damaged; (2) there would not have been an explosion; (3) the Injured Parties would not have suffered any bodily injuries; and (4) SCG and Atlanta Gas Light would not have been named as Defendants in the Personal Injury Lawsuits.

40. Pursuant to the express terms of the Agreement, on or around August 28, 2018, AGL provided to USIC formal notice of the Accident and demanded that USIC fulfill its defense and indemnity obligations under the Agreement.

41. Subsequently, after having not heard back from USIC, on or around January 31, 2020, AGL wrote an additional letter to USIC renewing its demand that USIC fulfill its indemnity obligations to AGL, including by indemnifying AGL and its affiliates named in the Personal Injury Lawsuits.

42. On or around February 18, 2020, USIC denied AGL's tender and refused to indemnify AGL.

43. On or about May 5, 2020, Anna O'Guin settled her claims against AGL arising out of the Accident.

44. On or about April 21, 2023, Baylee Tolle and Emily Tolle settled their claims against AGL arising out of the Accident.

**D.     The Navigators Insurance Company Lawsuit**

45. Paragraph 8 of the Agreement required USIC to procure comprehensive general liability insurance naming AGL as an additional insured.

46. In partial compliance with the terms and conditions of the Agreement, USIC purchased Navigators Umbrella Policy No. NY18EXC740722IV for the policy period 1/1/2018 to 1/1/2019 ("Umbrella Policy").

47. In advance of the Mediation, AGL provided notice to USIC's primary and umbrella insurers, including Navigators Insurance Company ("Navigators), of said Mediation, and AGL requested that Navigators "in fulfillment of its obligation of good faith and fair dealing" attend and participate in said mediation "with full settlement authority" to protect AGL's interests and settle all claims asserted against AGL by the Injured Parties.

48. Navigators, however, failed to respond to AGL's request to attend the mediation, failed to attend the mediation, and failed to offer any monies to settle all claims being asserted against AGL by the Injured Parties arising out of the Accident.

49. Accordingly, following the Mediation and in accordance with the terms and conditions of the Umbrella Policy, AGL also tendered the Personal Injury Lawsuits to Navigators for defense and indemnification.

50. By letter dated February 14, 2020, however, Navigators denied all coverage for the Lawsuits.

51. Accordingly, AGL was forced to initiate a lawsuit against Navigators for, *inter alia,* its failure to indemnify AGL for the Personal Injury Lawsuits, which remains pending in the Southern District of Indiana ("Navigators Lawsuit").

52. AGL has incurred significant legal fees and expenses in bringing its claim against Navigators and in responding to Navigators' extensive briefing and discovery.

53. To date, AGL has not recovered any monies from Navigators. To the extent any monies are recovered, AGL would deduct this amount from the amount sought from USIC.

## Count I

### (Breach of Contract – Failure to Indemnify AGL in the Personal Injury Lawsuits)

54. AGL incorporates herein as if fully rewritten the averments set forth in the preceding Paragraphs 1-53 above.

55. Pursuant to the Agreement, USIC had a duty to indemnify and hold harmless AGL against, *inter alia,* all losses, costs, expenses, and damages incurred by AGL as a result of any claims, suits, causes of action, investigations, fines, and penalties asserted against AGL in connection with, arising from, or in any manner related to any actual or alleged act or omission of USIC under the Agreement.

56. AGL has complied with all relevant terms and conditions of the Agreement. Defendant USIC, however, has breached the terms of the Agreement by failing to indemnify AGL for the losses, costs, expenses, and damages incurred by AGL as a result of the claims asserted against it in the Personal Injury Lawsuits.

57. As a result of said breach of contract, AGL has sustained damages in an amount in excess of $75,000.00 to be proven and determined at trial.

## Count II

### (Breach of Contract – Failure to Indemnify AGL in connection with the PSC Investigation and Settlement)

58. AGL incorporates herein as if fully rewritten the averments set forth in the preceding Paragraphs 1-57 above.

59. Pursuant to the Agreement, USIC had a duty to indemnify AGL against, *inter alia,* all losses, costs, expenses, and damages incurred by AGL as a result of any claims, suits, causes of action, investigations, fines, and penalties asserted against AGL in connection with, arising from, or in any manner related to any actual or alleged act or omission of USIC under the Agreement.

60. AGL has complied with all relevant terms and conditions of the Agreement. Defendant USIC, however, has breached the terms of the Agreement by failing to indemnify AGL for the losses, costs, expenses, fines, and damages incurred by AGL arising out of the PSC investigation and settlement.

61. As a result of said breach of contract, AGL has sustained damages in an amount in excess of $75,000.00 to be proven and determined at trial.

## Count III

### (Breach of Contract – Failure to Indemnify AGL for its Costs Incurred in Responding to and Repairing Atlanta Gas Light's Damaged Gas Main)

62. AGL incorporates herein as if fully rewritten the averments set forth in the preceding Paragraphs 1-61.

63. Pursuant to the Agreement, USIC is liable for all damages to AGL's property caused by USIC and had a duty to indemnify AGL for any damage to AGL's property arising from, or in any manner related to any act or omission of USIC under the Agreement.

64. AGL has complied with all relevant terms and conditions of the Agreement. Defendant USIC, however, has breached the terms of the Agreement by failing to indemnify AGL for its costs to respond to and repair the damage to Atlanta Gas Light's gas main.

65. As a result of said breach of contract, AGL has sustained damages in an amount to be proven and determined at trial.

## Count IV

### (Contribution)

66. AGL incorporates herein as if fully rewritten the averments set forth in the preceding Paragraphs 1-65.

67. Pursuant to Georgia law, including O.C.G.A. § 51-12-32, AGL is entitled to contribution from USIC towards the amounts paid by AGL to settle the Personal Injury Lawsuits based upon USIC's acts of negligence as described herein that were the proximate cause of the injuries to the Injured Parties in an amount to be proven and determined at trial.

## Count V
### (Attorneys' Fees Pursuant to the Agreement)

68. AGL incorporates herein as if fully rewritten the averments set forth in the preceding Paragraphs 1-67.

69. Pursuant to the Agreement, USIC had a duty to indemnify AGL against, *inter alia,* all losses, costs, expenses, and damages incurred by AGL as a result of any claims, suits, causes of action, investigations, fines, and penalties asserted against AGL in connection with, arising from, or in any manner related to any actual or alleged act or omission of USIC under the Agreement.

70. AGL has complied with all relevant terms and conditions of the Agreement.

71. USIC has declined to indemnify AGL for its costs incurred as set forth herein, causing AGL to file this litigation.

72. AGL is thus entitled to recover its expenses of filing and pursuing this litigation, including its attorneys' fees, from USIC, pursuant to the Agreement.

## Count VI

## (Attorneys' Fees Under O.C.G.A. § 13-6-11, plead in the alternative)

73. AGL incorporates herein as if fully rewritten the averments set forth in the preceding Paragraphs 1-72.

74. USIC has acted in bad faith, has been stubbornly litigious, and has caused AGL unnecessary trouble and expense.

75. AGL is, therefore, entitled to recover its expenses of filing and pursuing this litigation, including its attorneys' fees, from USIC under O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Atlanta Gas Light Company; Southern Company Gas f/k/a AGL Resources, Inc.; and AGL Services Company pray:

(a) That this Court enter judgment in favor of AGL and against USIC on AGL's claim for breach of contract arising out of USIC's failure to indemnify AGL in the Personal Injury Lawsuits, Count I, in an amount to be proven at trial;

(b) That this Court enter judgment in favor of AGL and against USIC on AGL's claim for breach of contract arising out of USIC's failure to indemnify AGL in connection with the PSC investigation and settlement, Count II, in an amount to be proven at trial;

(c) That this Court enter judgment in favor of AGL and against USIC on AGL's claim for breach of contract arising out of USIC's failure to indemnify AGL

for its costs incurred in responding to and repairing Atlanta Gas Light's damaged gas main, Count III, in an amount to be proven at trial;

(d) That this Court enter judgment in favor of AGL and against USIC on AGL's claim for contribution, Count IV, in an amount to be proven at trial;

(e) That this Court award AGL its expenses of litigation, including reasonable attorneys' fees pursuant to the Agreement;

(f) Alternatively, that this Court award AGL its expenses of litigation, including reasonable attorneys' fees under O.C.G.A. § 13-6-11; and

(g) That AGL be awarded such other and further relief as is justified by the facts and the law and as this Court deems just and proper.

Submitted this 6th day of August, 2024.

| /s/Alexandra C. Nelson | /s/Scott A. Witzigreuter |
|---|---|
| Alexandra C. Nelson | Scott A. Witzigreuter |
| Georgia Bar No. 241352 | Georgia Bar No. 772669 |
| Alexandra.nelson@thompsonhine.com | SWitzigreuter@wwhgd.com |
| **THOMPSON HINE LLP** | **WEINBERG, WHEELER,** |
| 3560 Lenox Road | **HUDGINS, GUNN & DIAL, LLC** |
| Suite 1600 | 3344 Peachtree Road N.E. Suite 2400 |
| Atlanta, Georgia 30326 | Atlanta, Georgia 30326 |
| Telephone: 404-541-2900 | Telephone: 404-876-2700 |
| Facsimile: 404-541-2905 | Facsimile: 404-875-9433 |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |